**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

VASILII MANKEVICH

VERSUS

WARDEN WINN CORRECTIONAL
CENTER, ET AL.

CIVIL ACTION NO. 26-2040

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the Court is Petitioner Vasilii Mankevich's ("Petitioner") *pro se* Emergency Motion for Temporary Restraining Order (Record Document 2). In the Motion, Petitioner seeks immediate release from immigration detention. See id. at 2.

Petitioner is a native of Russia who is presently detained by Immigration and Customs Enforcement ("ICE"). See Record Document 6-1 at 3. According to the Petition, an Immigration Judge entered a final order of removal on January 8, 2026, and Petitioner did not appeal that decision to the Board of Immigration Appeals. See Record Document 6 at 2 & 6-1 at 3. Petitioner alleges that he has remained in ICE custody for more than six months following the removal order and contends that his continued detention violates Zadvydas v. Davis, 533 U.S. 678 (2001). Through the instant Motion, Petitioner seeks immediate release from immigration detention pending resolution of his Petition for Writ of Habeas Corpus (Record Document 6).

An applicant for a Temporary Restraining Order or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood her cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See

Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release.  Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

2

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of July, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

3